UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MILDRED THOMAS, SUSAN WOLFORD,
and CHRISTINA GRIFFIN,

        Plaintiffs,

Case No. 5:04-CV-122

v.

Hon. Richard Alan Enslen

U.S. SECURITY ASSOCIATES, INC.,

**ORDER**

        Defendant.
_____/

       This is a diversity suit under the Michigan Elliott-Larsen Civil Rights Act, Mich. Comp. Laws §§ 37.2701 *et seq.* by three employees who have sued their former employer for sexual harassment, gender and racial discrimination, and retaliation. Defendant U.S. Security Associates, Inc. has moved for summary judgment against Plaintiffs Mildred Thomas, Susan Wolford and Christina Griffin. Oral argument is unnecessary in light of the briefing.

.     Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if the evidence filed shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In assessing evidence, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

       Given the dictates of Rule 56, summary judgment must be denied because there are genuine issues of material fact relating to the employees' treatment by their employer. Plaintiffs were each employed at the manufacturing facilities of American Axle & Manufacturing, Inc. by Defendant (the

contracting security provider) as third-shift security personnel. (Compl. ¶¶ 13-15, 25.) Their supervisor at relevant times was Howard Clubber (who ranked as security captain) and their assistant supervisor was Gary Chapman (who ranked as security lieutenant). (Thomas Dep. 26, 37.) As the ranking supervisory employees, Clupper and Chapman made all decisions regarding hiring and employee discipline. (*Id*. 25, 53.) Chapman also took responsibility for employee identification badges and the provision of uniforms.[1] (*Id.* 37-38.)

The instant record contains direct evidence of discriminatory animus by Clubber and Chapman, including one incident in which Clubber told Thomas that she had three strikes against her because she was a woman, an African-American, and a Democrat. (Thomas Dep. 89.). Clubber also alluded to her by the name of a belligerent African-American comedienne. (*Id*. 95-96 & Dep. Ex. 42.) Chapman made statements like: "I will hire no more women" (Wolford Dep. 80); and "you females can't figure out mechanical things anyways." (Griffin Dep., Vol. I, 90-93.) Both supervisors made numerous other harassing comments regarding gender and race which were witnessed by co-workers. (*See* Pls.' Resp. at 9-10.)

Plaintiff Thomas complained on behalf of herself, Wolford and Griffin about racial and gender discrimination and harassment by the supervisors. (Thomas Dep. 137-38, 157-58.) An internal company email about the complaint by Debbie Givens (Manager of Administration and Human Resources) stated that if the E.E.O.C. were to review a complaint about the supervisors, "we may be in big trouble." (Pls.' Resp., Ex. N.)

---

[1]Chapman allegedly gave Plaintiffs ill-fitting uniforms and failed to provide them with proper summer and winter coats, even though proper uniforms and coats were routinely given to male guards.

Pursuant to Thomas' October 20, 2003 complaint, Clubber was terminated, but Chapman (who was nominally placed on probation status) was promoted to Clubber's position. Thomas was then terminated (despite an excellent personnel record) at Chapman's request on January 8, 2004 due to a suspicious set of disciplinary actions between October 29, 2003 and January 8, 2004. According to Thomas, she was terminated when she screamed back at security personnel including Chapman, who were screaming at her. (Thomas Dep. 197.)

Similarly, Griffin (who also had a good disciplinary record) was terminated on November 19, 2003 for sleeping on the job twice during one shift . (Pls.' Resp., Ex. W.) This was so even though Griffin denied she was sleeping and even though the employer had initially decided to give her only a two-day suspension for sleeping. (*See Id.*, Ex. V; Griffin Dep. 75.) Defendant also routinely tolerated sleeping by male officers. (Thomas Dep. 161; Griffin Dep. 106-07.)

Wolford was not formally terminated by the employer but took medical leave on January 13, 2004 because of stress caused by Chapman. (Pls.' Resp., Ex. X.) On January 26, 2004, she then submitted a letter of resignation to avoid further harassment from Chapman. (*Id.*, Ex. Y.)

This record contains sufficient both direct and circumstantial evidence of racial and gender discrimination, harassment and retaliation to go to a jury. *See DeBrow v. Century 21*, 620 N.W.2d 838-39 (Mich. 2001). While a jury might reasonably believe that Thomas and Griffin were discharged for legitimate reasons and that Wolford was not constructively discharged, the record is sufficient to permit the opposite inferences as well.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant U.S. Security Associates, Inc.'s Motion for Summary Judgment (Dkt. No. 47) is **DENIED.**

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>June 12, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |